**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JOHN DOE,** | ) CASE NO. 1:18-CV-2956 |
| **Plaintiff,** | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| **CASE WESTERN RESERVE UNIVERSITY**, *et al.*, | ) <u>**TELECONFERENCE MINUTES AND DISMISSAL ORDER**</u> |
| **Defendants.** | ) |

Plaintiff is a Case Western Reserve University (the "University") student who has been accused of non-consensual sexual intercourse and non-consensual touching by another student. Doc #: 1-1; Compl. ¶ 5. Plaintiff is currently under Title IX investigation by the University for these allegations. Plaintiff filed the instant action in the Cuyahoga County Common Pleas Court on December 21, 2018. Doc #: 1-1. Plaintiff's claims involve alleged inadequacies in the University's Title IX investigation process. That same day, Defendants removed the case to federal court. Doc #: 1; Notice of Removal. Although not attached to the Notice of Removal, Plaintiff had filed a Motion for Temporary Restraining Order ("TRO") in the state action, seeking to challenge how his Title IX interview will be conducted. The parties filed a Joint Motion to Establish Briefing Schedule ("Motion"), Doc #: 4, which notified the Court of the pending TRO. The Court granted the Motion and scheduled a teleconference on January 3, 2019 to discuss the TRO. Attending the teleconference were Plaintiff John Doe, Plaintiff's counsel

Brian A. Murray and Larry W. Zukerman, Defendants' representative Peter Poulos, Defendant Darnell Parker, and Defendants' counsel John Gerak and Amanda T. Quan.

After discussing the issues with the parties, the Court made several determinations.  First, the Court determined that the University may conduct its investigatory interviews without a court reporter.  The Title IX investigator will conduct Plaintiff's interview and, at its conclusion, will create an interview summary.  Plaintiff and his counsel may review the summary for accuracy and make any appropriate changes to it.  Second, if the Title IX investigator concludes that a hearing is necessary, Plaintiff will have access to all interview summaries prior to the hearing.  Lastly, the University may engage outside counsel of its choosing, including Ms. Citrino and her law firm.  The Court further directed the parties to schedule and complete Plaintiff's interview no later than close-of-business on January 10, 2019.  Thus, Plaintiff's Motion for Temporary Restraining Order is **DENIED AS MOOT**.  Accordingly, the case is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster Jan. 3, 2019*
 **DAN AARON POLSTER**
 **UNITED STATES DISTRICT COURT**